UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GLORIFINA TRINIDAD, NANA I AM, <br><br>         Plaintiff, <br> v. <br><br> CALIBER HOME LOANS, INC.; BANK OF NEW YORK MELLON N.A.; SUMMIT REAL ESTATE SERVICES, LLC, <br><br>         Defendant. | Case No. 2:16-cv-00818-MMD-VCF <br><br> ORDER |

## I. INTRODUCTION

Before the Court is a motion to dismiss ("Motion") filed by Defendants Caliber Home Loans, Inc. ("Caliber"), The Bank of New York Mellon, as Trustee for CIT Mortgage Loan Trust 2007-1 ("the Bank") and Summit Real Estate Services, LLC ("Summit") (collectively, "Defendants"). (ECF No. 10.) Glorifina Trinidad ("Trinidad" or "Plaintiff") and "Nana I Am"[1] have responded[2] and Defendants have replied. (ECF Nos. 20, 21.)

## II. RELEVANT BACKGROUND

The relevant facts are taken from the Complaint and the Motion.

The Complaint alleges that Defendants are debt collectors attempting to collect a debt that the Bank "received [as] an assignment or transfer of a mortgage, while the debt

---

[1] "Nana I Am" is identified as a plaintiff in the case captain and signed the Complaint. However, other than the first two paragraphs, the Complaint for the most part refers to "Plaintiff" in the singular. (ECF No. 1.)

[2] The Court gave Plaintiffs several extensions of time to respond to the Motion. (ECF Nos. 14, 18.)

was in default." (ECF No. 1 at 6.) The Complaint alleges that "Plaintiff is unable to determine the validity of defendant's alleged debt and the amounts they claim is due and owing." (*Id.* at 9.) Exhibit A to the Complaint includes a copy of a Notice of Trustee's Sale under a deed of trust dated February 27, 2007 ("DOT"), identifying the trustee as Trinidad and the property subject to the sale as 6507 Bethalo Street in Las Vegas, Nevada ("the Property"). (*Id.* at 20-21.) The beneficial interest under the DOT was assigned to the Bank in December 2010. (ECF No. 10-10.) On September 8, 2014, Summit was substituted as a trustee under the DOT. (ECF No. 10-11.) On September 10, 2014, Summit recorded a notice of breach and election to sale against the Property. (ECF No. 10-12.) The Property was foreclosed upon on March 4, 2015. (ECF No. 10-15.)

The Complaint asserts a single claim for violation of the Fair Debt Collections Practices Act ("FDCP"), 15 USC § 1692. (ECF No. 1.) The Complaint further alleges that "Plaintiff seeks judicial determination as to whether the recorded Assignment of Deed of Trust (Mortgage) and the alleged Note executed by MERS conferred any rights, title and interest in the Plaintiff's subject property." (*Id.* at 12.) However, the Complaint can only be reasonably construed to assert a single claim under the FDCP.[3]

### III.   LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations

---

[3]The Motion addresses other claims, including an injunctive relief claim, challenging the assignment of the note and DOT, to the extent they are asserted in the Complaint. (ECF No. 10 at 9-11.) The Complaint cannot be construed to allege a claim for injunctive relief to undo the foreclosure sale or to challenge the assignment. Indeed, "Plaintiff denies any loan was received." (ECF No. 1 at 9.)

must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint fails to "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

Mindful of the fact that "[t]he Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of *pro se* litigants," the Court will view Plaintiff's pleadings with the appropriate degree of leniency. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)).

Generally, a court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). There are three exceptions to this rule: (1) a court may consider documents

"'properly submitted as part of the complaint' on a motion to dismiss;" (2) if "documents are not physically attached to the complaint," incorporation by reference is proper "'if the documents' authenticity . . . is not contested' and 'the plaintiff's complaint necessarily relies' on them," *Lee v. Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998); and (3) "a court may take judicial notice of 'matters of public record.'" *Id.* (quoting *Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986). The Court thus grants Defendants' request to take judicial notice of publicly recorded records attached to their Motion. (ECF Nos. 10-1 through 10-5.)

## IV.   DISCUSSION

Defendants argue that the FDCPA claim fails as a matter of law because Defendants are not debt collectors covered under the FDCPA. The Act generally defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). However, foreclosing on a property pursuant to a deed of trust is not a debt collection within the meaning of the Act. *See Warwick v. Bank of New York Mellon*, Case No. CV 15-3343 SS, 2016 WL 2997166 at *16 (C.D. Cal. May 23, 2016) (citing *Saldate v. Wilshire Credit Corp.*, 711 F. Supp. 2d 1126, 1132 (E.D. Cal. 2010)).

Plaintiff makes general allegations that each Defendant is a debt collector. (ECF No. 1 at 2.) However, the gist of the specific allegations offered to support Plaintiff's claim is that Caliber sent Plaintiff notices demanding payment on a debt that the Bank "received [as] an assignment or transfer of a mortgage." (ECF No. 1 at 6.) While the Bank and Summit are both identified as alleged debt collectors, the only other allegation involving Summit is that it was "named as the seller of Plaintiff's property" in Exhibit A (i.e., the Notice of Trustee's Sale).

///

4

Because the Bank and Caliber are not debt collectors subject to the Act, Plaintiff cannot assert a claim for violation of the Act against these Defendants. As noted, Plaintiff makes no specific allegations that Summit even attempted to collect on the debt. Summit's only involvement in the apparent foreclosure sale was its designation as "the seller of Plaintiff's property." (ECF No. 1 at 7.)

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion or reconsideration as they do not affect the outcome of the Motion.

It is therefore ordered that Defendants' motion to dismiss (ECF No. 10) is granted.

The Clerk is directed to enter judgment in accordance with this Order and close this case.

DATED THIS 13th day of January 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE